UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 22-40027-MJJ |
| ) | |
| MOISES SOTO and ) | |
| KIERSTEN SOTO ) | |
| Defendants. ) | |
| ) | |

**MOTION TO VACATE SENTENCE**

Defendants Moises and Kiersten Soto move to vacate the sentences that

Judge Guzman imposed on January 23, 2026. She has since recused herself from

this matter. The conduct that required her recusal — an undisclosed, ex parte

communication and gift to the complaining witness, delivered through prosecutors

during the sentencing hearing, occurred before sentence was imposed. The recusal

cannot reach forward while leaving the tainted sentence untouched. Both parties

agree the sentences must be vacated, although the Government is not joining in this

motion.

## I.    BACKGROUND

On January 23, 2026, Judge Guzman sentenced Moises and Kiersten Soto

following their conviction on Count 1 (Conspiracy to Commit Sex Trafficking),

Count 2 (Sex Trafficking by Force, Fraud and Coercion; Aiding and Abetting), and,

for Kiersten only, Count 3 (Interstate Travel and Transportation to Promote

Unlawful Activity; Aiding and Abetting). Each defendant received 18 years (216

months).

1

During a break in the sentencing hearing, but before sentence was imposed, a member of the judge's staff approached AUSA Torey Cummings with an envelope. The intern said it was from the Judge and was for the victim. AUSA Cummings did not open it until after the hearing and saw that it contained a handwritten card from the judge, along with a bracelet and several seashells. The card read: "Courtney — Every important journey in life starts with the 1st step. You have shown great courage in your own journey to reclaim your life and your future. I wish you much joy, love, and happiness and peace. MRG." Defense counsel learned of this five days later, when AUSA Hassink sent an email describing what had happened.

Judge Guzman has since recused herself and the parties are currently litigating a motion for new trial before this Court. Although the Government opposes a new trial, it agrees the sentences must be vacated.

## II.   LEGAL STANDARD

### A.  The Court's Inherent Supervisory Authority

A federal district court has inherent authority to manage its proceedings, protect the integrity of the judicial process, and grant appropriate relief for errors that undermine the fairness of proceedings before it. That authority is not displaced by the existence of other procedural mechanisms. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). It includes the power to vacate a judgment where the circumstances demand it.

Where both parties agree that a new sentencing is warranted, a motion to vacate under the Court's supervisory authority is the appropriate vehicle. No statute requires the defendants to proceed under § 2255, and the Court need not await a collateral attack to correct what both sides acknowledge was wrong.

## B.  Section 455(a)

Title 28 U.S.C. § 455(a) requires a federal judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." The standard is objective — the question is not whether bias was actual, but whether a reasonable person with knowledge of the facts would question the judge's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860-61 (1988); *In re United States*, 441 F.3d 44, 67-68 (1st Cir. 2006).

A § 455(a) violation does not require a showing of prejudice or actual bias. It is enough that the judge's conduct created an appearance of partiality that a reasonable person would find troubling. *Liljeberg*, 486 U.S. at 860. The remedy is assessed under three factors: (1) the risk of injustice to the parties; (2) the risk that denying relief produces injustice in other cases; and (3) the risk of undermining public confidence in the judicial process. *Id*. at 864.

## III.    ARGUMENT

### A.  Judge Guzman's Recusal Confirms That the Sentencing Was Compromised

Recusal under § 455(a) is mandatory and compels a judge to step aside whenever her impartiality might reasonably be questioned. By recusing, Judge Guzman acknowledged that standard was met here. That acknowledgment cannot

apply only going forward while the sentence she imposed at the very hearing where the misconduct occurred stands untouched.

The facts that required the recusal did not surface until five days after sentencing. The judge's staffer delivered a personal card, a bracelet, and seashells to the prosecutors for the victim during a break in the hearing, before any sentence was announced. The recusal followed when those facts came to light. A judge cannot be too compromised to handle future proceedings but not compromised enough to undo the sentence she imposed while that same conduct was occurring.

The underlying facts also establish the § 455(a) violation on their own. A judge who passes a personal gift to the government's key witness through the prosecutors — without telling defense counsel — signals a personal investment in that witness. The victim's credibility and the impact of the offense on her were central to sentencing. The judge's conduct at that hearing is not consistent with the impartiality § 455(a) requires.

The ex parte communication is also an independent violation. Canon 3(A)(4) of the Code of Conduct for United States Judges bars a judge from initiating or permitting ex parte communications about a pending matter. Passing a handwritten note and gifts to one side's witness through the prosecutors, off the record and without notice to the defense, is exactly what that rule prohibits.

### B.  The *Liljeberg* Factors All Point to Vacatur

The Defendants received 18-year sentences from a judge who had a personal communication with the victim at the center of the case. Defendant, however, have

the right to be sentenced by an impartial judge, which did not occur here. If this sentence stands, the message is that a judge can engage in this kind of conduct with no consequence, as long as the defense does not find out until afterward.

The public confidence factor is the strongest of the three. A federal judge passing a personal card and gifts to a victim through the prosecutors, during the sentencing hearing and off the record, is not something a reasonable observer can square with a fair proceeding. That is what § 455(a) exists to prevent. *Liljeberg*, 486 U.S. at 864-65.

### C. There Are No Equitable Barriers to Relief

The government agrees with the relief sought here, although it has not joined this motion. Thus, there is no competing interest, no reliance on the sentence, and no disruption that either party has not accepted. The only question is the remedy, and both parties agree on what it is: vacatur.

### IV. RESERVATION OF RIGHTS

This motion is limited to the sentences imposed on January 23, 2026. It is filed without prejudice to any claim by the Defendants concerning the validity of the underlying convictions, including any direct appeal, a motion for new trial, any claim under 28 U.S.C. § 455(a), 28 U.S.C. § 2255, or any other provision of law. Vacatur of the sentences is not an adjudication of, and does not constitute a waiver of, any such claim.

## V.    CONCLUSION

The defendants request that the Court vacate the sentences imposed on

Moises and Kiersten Soto on January 23, 2026 and order resentencing. A proposed

order is submitted herewith.

**For Moises Soto:**

/s/ Michael Tumposky
Michael Tumposky (BBO #660618)
TUMPOSKY & ASSOCIATES, P.C.
88 Broad Street, Suite 101
Boston, Massachusetts 02110
(617) 722-8220
Tumposky@TumposkyLaw.com

**For Kiersten Soto**

/s/ John S. Day
John S. Day (BBO #639249)
Day Law Firm, P.C.
99 Derby Street, Suite 200
Hingham, MA 02043
781-789-3001 (telephone)
781-226-3003 (facsimile)
jday@daylaw.com (e-mail)

### CERTIFICATE OF SERVICE

Undersigned counsel certifies that on May 24, 2026, he served a copy of this document on all counsel of record in this matter through the Court's ECF system.

/s/ Michael Tumposky
Michael Tumposky

### CERTIFICATE OF COMPLIANCE WITH L.R.7.1

Undersigned counsel certifies that he has conferred in good faith with all parties in an effort to narrow the issues raised in this motion prior to filing.

/s/ Michael Tumposky
Michael Tumposky